**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANK MONTERO,<br><br>        Plaintiff,<br><br>v.<br><br>COMPASS GROUP, NORTH AMERICA;<br>and JOHN DOES 1-5 AND 6-10,<br><br>        Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

**TO:    THE CLERK AND THE HONORABLE JUDGES
OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

Defendant Compass Group USA, Inc. ("Compass") (incorrectly identified in the Complaint as "Compass Group, North America"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, hereby files this Notice of Removal of the above-captioned action from the Superior Court of New Jersey, Middlesex County to the United States District Court for the District of New Jersey.  In support of this Notice of Removal, Compass avers as follows:

**I.    PROCESS, PLEADINGS, AND ORDERS**

1.    Plaintiff Frank Montero ("Mr. Montero" or "Plaintiff") commenced an action by filing a Complaint on or about April 28, 2026 in the Superior Court of New Jersey, Middlesex County ("Superior Court") styled as *Frank Montero v. Compass Group, North America; and John Does 1-5 and 6-10,* at Docket No., MID-L-002821-26 (the "State Court Action").  (A true and correct copy of the Complaint is attached hereto as **Exhibit A**.)

2.    Compass received notice of the State Court Action on May 5, 2026.

3.      The Complaint alleges a claim under the New Jersey Law Against Discrimination for retaliation.

4.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed by Compass within thirty (30) days after the receipt of notice of the State Court Action.

5.      Attached hereto as **Exhibit B** is a copy of all process, pleadings and orders served upon Compass in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

## II.      VENUE

6.      Because the Superior Court of New Jersey, Middlesex County lies in the District of New Jersey, this Court is the appropriate venue for removal.  *See* 28 U.S.C. §§ 110 and 1441(a).

## III.      DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(A)

7.      Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.      Diversity of Citizenship Exists

8.      For diversity purposes, an individual is a citizen of the state in which they are domiciled with the intent to remain.  *See Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008).

9.      To be domiciled in a state, a person must reside there and intend to remain indefinitely.  *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972).  A person may only have one domicile, and thus, may be a citizen of only one state for diversity jurisdiction purposes.  *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

10.      For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it was incorporated and the state where it has its principal place of business.  *See* 28

U.S.C. § 1332(c)(1).  A corporation's principal place of business is its "nerve center" – the place "where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-92 (2010).

11.     Mr. Montero alleges that he is a citizen of the State of New Jersey.  (Exhibit A at ¶ 1.)  Accordingly, Mr. Montero is a citizen of the State of New Jersey for purposes of diversity jurisdiction.

12.     Compass is incorporated in Delaware and is headquartered in North Carolina. Accordingly, for diversity purposes, Compass is a citizen of Delaware and North Carolina.  *See* 28 U.S.C. §§ 1332(a)(1), (c)(1).

**B.      The Amount In Controversy Exceeds $75,000**

13.     Pursuant to 28 U.S.C. § 1446(c), Compass need only establish by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.

14.     When removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000.  *See* 28 U.S.C. § 1446(c)(2)(A); 28 U.S.C. § 1332(a).

15.     For jurisdictional purposes, "determining the amount in controversy begins with a reading of the complaint filed in the state court."  *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).  A court, however, may not merely accept a plaintiff's contentions regarding the amount in controversy, but instead, is required to analyze the legal claims to determine if a plaintiff's actual monetary demands exceed the $75,000 threshold.  *See Morgan v. Gay*, 471 F.3d 469, 474-75 (3d Cir. 2006).

16.     In his Complaint, Mr. Montero pleads that he is seeking back pay, front pay, and compensatory damages.  (Exhibit A, Wherefore Clause.)

17.     In addition, Mr. Montero seeks punitive damages, which adds to the amount in controversy.  (Exhibit A, Wherefore Clause.)  *See Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *see also Frederico v. Home Depot*, 507 F.3d 188, 199 (3rd Cir. 2007).

18.     Mr. Montero also seeks non-economic compensatory damages and attorneys' fees. (Exhibit A, Wherefore Clause.)

19.     Considering the *combination* of Mr. Montero's potential claims for back pay and front pay, non-monetary and compensatory harm, attorneys' fees, and punitive damages, it is plausible that a fact finder might conclude that his damages exceed $75,000, exclusive of interest and costs.  Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is a civil action between citizens of different states.

20.     By reason of the foregoing and pursuant to 28 U.S.C. §§ 1441(b), Compass desires and is entitled to have this case removed from the Superior Court of New Jersey, Middlesex County to the United States District Court for the District of New Jersey.

## IV.     COMPLIANCE WITH PROCEDURAL REQUIREMENTS

21.     This Notice of Removal is timely as it is made within thirty (30) days after Compass's receipt of notice of the State Court Action.  28 U.S.C. § 1446(b).

22.     In accordance with 28 U.S.C. § 1446(d), Compass has filed this Notice with this Court, are serving a copy of this Notice upon counsel for Mr. Montero and are filing a copy of this Notice in the Superior Court of New Jersey, Middlesex County.

23. Compass reserves the right to submit further evidence supporting this Notice should Mr. Montero move to remand.

## V. CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Compass prays the instant action pending against them in the Superior Court of New Jersey, Middlesex County, be removed to this Court and request that this Court assume full jurisdiction over this matter as provided by law.

Dated: June 2, 2026                          Respectfully submitted,

*/s/ Rachel Fendell Satinsky*
Rachel Fendell Satinsky, Bar No. 017002010
rsatinsky@littler.com
Charli M. Grayson, Bar No. 396642022
cmgrayson@littler.com

LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
Telephone:    267.402.3000
Facsimile:    267.402.3131

Attorneys for Defendant
Compass Group USA, Inc.

## CERTIFICATE OF SERVICE

I, Rachel Fendell Satinsky, hereby certify that a true and correct copy of the foregoing

Notice of Removal was filed using the District of New Jersey's ECF system, through which this

document is available for viewing and downloading, and served via email upon:

Michael J. Reilly, Esq.
mreilly@costellosilverman.com
COSTELLO & SILVERMAN, LLC
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054

*Attorneys for Plaintiff*
*Frank Montero*

*/s/ Charli M. Grayson*
Charli M. Grayson

Dated: June 2, 2026